## CIRCUIT COURT OF FREDERICK COUNTY

John Francis Davis, III

v.

Itla Deanna Davis

November 3, 1983

Case No. (Chancery) 7034

By JUDGE HENRY H. WHITING

After a careful review of my notes and the depositions already filed, I am of the opinion that the husband has not established the requisite living "separate and apart without any cohabitation and without interruption for one year" as required by Virginia Code § 20-91(1).

The witnesses all agreed that the husband returned to the home several nights a week during the entire period, bringing grocers and occasionally doing work around the house. While the parties never went anywhere socially together and the wife did no cooking for the husband or special laundry for him, she did apparently occasionally do his laundry with the children's when he came home. There is nothing in the evidence to show that the marital domicile was anything but a single-family house, and the Court simply cannot find from the evidence that the husband has proved his case. As The Honorable Robert K. Woltz has pointed out:

> The remaining meaning of cohabitation, namely, living together as man and wife, involves many and varying sets of facts and circumstances . . . . While no precise delineation can be given to the concept of living together as husband and wife, it includes the idea of services rendered one to the other, mutual society and

companionship, aid and comfort, protection and conjugal affection, many of which things are included within the term "consortium." Sexual intercourse is a usual, important, but not necessarily required, element of the concept. *Reel v. Reel*, Circuit Court of Frederick County, Chancery No. 6377, July 2, 1981.

While it may be possible in some circumstances to establish the requisite grounds for a divorce based on one-year's separation even though the husband occasionally stays in the house, the Court believes the evidence would have to be quite clear as to the lack of *any* sort of contact associated with the above concept of cohabitation.

Therefore the Court declines to enter the tendered decree.